IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH DOMINICI,

        Petitioner,

v.                                          Civil Action No. 5:18cv128
                                                (Judge Stamp)

DWAYNE HENDRIX,

        Respondent.

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION
## FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### BACKGROUND

The Petitioner, a federal inmate, initiated this *pro se* case on August 6, 2018, by filing a habeas petition pursuant to 28 U.S.C. § 2241, which challenges the decision by the Bureau of Prisons to expel him from the Residential Drug Abuse Program. On August 7, 2018, the Petitioner paid the $5 filing fee. On August 24, 2018, the Petitioner filed a Motion for a Temporary Restraining Order and a Preliminary Injunction, which is before the undersigned for a Report and Recommendation.

### ANALYSIS

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd.

V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); See Direx v. Israel, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22. (emphasis added.).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands

such relief'). As recently explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, the Petitioner requests that this Court issue a temporary restraining order and preliminary injunction ordering the Respondent to "immediately suspend the erroneous expulsion from RDAP and return [him] allowing him to participate in RDAP until the Court makes its final ruling in this matter." ECF No. 6 at p. 2. Without this relief, the Petitioner maintains that he will suffer irreparable harm by being forced to serve an additional year in prison.

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 4621(b). In 1994, to encourage inmates to participate in such programs, Congress authorized the BOP to reduce by up to one year the sentence of a prisoner convicted of a nonviolent offense who successfully completes a treatment program. 18 U.S.C. §

3621(e)(2)(B).[1]

The Petitioner's underlying § 2241 alleges that he was expelled from RDAP on July 7, 2019, on the word of another inmate that he had violated BOP rules. The Petitioner also alleges that he was not actually accused of a rule violation by a staff member and was not found guilty of a rule violation. The Petitioner argues that there have been numerous incidents of other program participants being caught smoking cigarettes and chewing tobacco but were not removed from the program. In addition, the Petitioner alleges that other participants have been found guilty of stealing from the kitchen but were not expelled from the program or even "set back." The Petitioner maintains that the BOP has not provided any legitimate reason for expelling him from the RDAP and not expelling other participants for an actual verified BOP rule infraction. Liberally construed, the Petitioner appears to be alleging a violation of equal protection.

An analysis of the Winter factors reveals that Petitioner's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his petition. First, the Supreme Court has made it quite clear that a prisoner has no constitutional or inherent right to participate in rehabilitative programs while incarcerated or in being released before the completion of a valid sentence. Greeholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Moody v.

---

[1] This section provides as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Daggert, 429 U.S. 78, 88 n.9 (1976). Second, although the Petitioner's allegations regarding denial of equal protection may have been sufficient to survive summary dismissal, the Respondent has yet to file his response, and therefore, the undersigned has no records available demonstrating why the Petitioner was expelled from RDAP, or that similarly situated inmates were not expelled.

Therefore, based upon the record currently before the court, the Petitioner has not clearly shown that he is likely to succeed on the merits of his claims. Because the Petitioner has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 Fed 3rd at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant).

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the Petitioner's Motion for Temporary Restraining Order and a Preliminary Injunction [ECF No. 6] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections should also be submitted to the United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th

---

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk is directed to send a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket and to any counsel of record via electronic means.

      DATED: September 27, 2018

                             */s/ James P. Mazzone*
                             JAMES P. MAZZONE
                             UNITED STATES MAGISTRATE JUDGE