IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH DOMINICI,

     Petitioner,

v.                                    Civil Action No. 5:18CV128
                                                (STAMP)
DWAYNE HENDRIX,

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY INJUNCTION**

I.  Background

The pro se[1] petitioner, Joseph Dominici, filed a habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner challenges the decision by the Federal Bureau of Prisons ("BOP") to expel him from the Residential Drug Abuse Program ("RDAP"), alleging "ongoing disparate treatment and abuse of discretion on the part of the RDAP Administrator and Warden." Id. at 5. The petitioner then filed a motion for a temporary restraining order and a preliminary injunction. ECF No. 6. The petitioner asserts that the litigation with respect to the petition will take about six to twelve months before a final determination and that he will suffer irreparable harm by having to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

serve another year in prison. Id. at 1-2. The petitioner requests "the Court for a temporary restraining order and a preliminary injunction." Id.

United States Magistrate Judge James P. Mazzone entered a report and recommendation, in which he recommends that the petitioner's motion for a temporary restraining order and a preliminary injunction be denied. ECF No. 10 at 5. The magistrate judge found that the petitioner failed to meet the requisite factors for granting an injunction since he failed to make a "clear showing that he is likely to succeed on the merits of his petition." Id. at 4. The magistrate judge further found that because the respondent has not responded to the petitioner's petition, he has no records as to why the petitioner was expelled from the RDAP, or that similarly situated inmates were not expelled. Id. Therefore, the magistrate judge concluded that the petitioner's allegations regarding denial of equal protection does not survive summary dismissal. Id. at 5. Since the petitioner failed to meet this factor, the magistrate judge did not reach the other factors. Id.

The petitioner filed objections. ECF No. 14. In his objections, the petitioner argues that the magistrate judge erred in declining to grant a temporary restraining order because the respondent has failed to respond. Id. at 2. He filed and served

his First Request for Production of Documents and Petitioner's First Request for Admissions on the Respondents as exhibits. Id.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.

The standard for granting injunctive relief in this circuit is set forth in International Refugee Assistance Project v. Trump, 857 F.3d 554 (4th Cir. 2017), cert. granted, 137 S. Ct. 2081 (2017). "A preliminary injunction is an 'extraordinary remedy,' which may be awarded only upon a 'clear showing' that a plaintiff is entitled to such relief." Int'l Refugee Assistance Project, 857 F.3d at 607-08 (citing Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7 (2008))). Under the Fourth Circuit standard of review, "[a] preliminary injunction must be supported by four elements: (1) a likelihood of success on the merits; (2) that the plaintiff likely will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor, and (4) that a preliminary injunction is in the public interest." Id. at 608 (citing Real Truth, 575 F.3d at 346). In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate these elements. See Dewhurst v. Century

Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011). The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III. Discussion

Upon review of the petitioner's motion for an injunction and the underlying record in this civil action, this Court finds that in his report and recommendation, the magistrate judge correctly determined that the petitioner is not likely to succeed on the merits. ECF No. 10 at 1-2. In reaching this conclusion, the magistrate judge stated that "the Supreme Court has made it quite clear that a prisoner has no constitutional or inherent right to participate in rehabilitative programs while incarcerated or in being released before the completion of a valid sentence," and "although the [p]etitioner's allegations regarding denial of equal protection may have been sufficient to survive summary dismissal, the [r]espondent has yet to file his response, and therefore, the undersigned has no records available demonstrating why the

[p]etitioner was expelled from RDAP, or that similarly situated inmates were not expelled." Id. at 4-5.  The magistrate judge was free to decide the motion for an injunction without requiring any response to be made by the respondent.

Thus, as the magistrate judge properly concluded, this Court finds that the plaintiff's pending motion for injunction should be denied without prejudice.  This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

The report and recommendation of the magistrate judge (ECF No. 10) is hereby AFFIRMED and ADOPTED in its entirety.

Accordingly, plaintiff's motion for an temporary restraining order and a preliminary injunction (ECF No. 6) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.

DATED:    October 18, 2018

                /s/ Frederick P. Stamp, Jr.
                FREDERICK P. STAMP, JR.
                UNITED STATES DISTRICT JUDGE